United States District Court
Southern District of Texas
**ENTERED**
April 23, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JOE BLESSETT, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:17-CV-370 |
| | § | |
| SINKIN LAW FIRM; aka SINKIN & | § | |
| BARRETTO PLLC, *et al*, | § | |
| | § | |
| Defendants. | § | |

## Memorandum Opinion and Order

Before the Court are two related motions: the Motion to Dismiss filed by Defendant Sinkin & Barretto, P.L.L.C. d/b/a Sinkin Law Firm ("S&B") (Dkt. 26) and the Motion to Dismiss filed by Defendants Steven A. Sinkin and Stett Matthew Jacoby (collectively "Sinkin Attorneys") (Dkt. 38). After considering the motions, the pleadings, and the record of this case as a whole, the Court **GRANTS** S&B and Sinkin Attorneys' motions to dismiss.

### Background

A Galveston County court entered a Final Decree of Divorce, which granted divorce between Plaintiff Joseph Blessett ("Blessett") and Beverly Garcia ("Garcia").[1] The decree also established Blessett's paternity over a child born during the marriage and ordered him to pay Garcia child support payments of $800 each month. S&B and Sinkin Attorneys represented Garcia in a child support enforcement action before the state court. Later, the state court entered a Final Order Granting Final Summary Judgment against Blessett and

---

[1] Dkt. 26-1.

found that he owed $135,392.37 in child support arrears.[2] The order also declared that certain real property owned by Blessett was not exempt from execution or foreclosure.[3] Blessett failed to timely appeal any of the state court's orders and judgments.

The Court takes judicial notice of the fact that months before filing this present action, Blessett filed suit in this Court against the Office of the Attorney General of Texas, Child Support Division, seeking relief from the state court judgment. The Court dismissed that case for lack of subject-matter jurisdiction.[4] Blessett has now filed suit against the attorneys who represented his ex-wife during the child support enforcement proceedings. Much of Blessett's complaints are meandering and incomprehensible.[5] The crux of his allegations appear to be that S&B and Sinkin Attorneys lied to the state court about whether the property owned by Blessett was exempt as a homestead and that Blessett was denied due process and proper notice.

In the pending motions to dismiss, S&B and Sinkin Attorneys assert, *inter alia*, that Blessett's complaint should be dismissed under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of federal question jurisdiction.[6] For the reasons stated below, the Court finds that S&B and Sinkin Attorneys' motions to dismiss should be granted.

## Analysis

"Federal courts are courts of limited jurisdiction." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). As such, "the burden of establishing federal jurisdiction rests

---

[2] Dkt. 26-2.
[3] *Id.*
[4] *See* Case No. 3:17-cv-164, Dkt. 60.
[5] *See* Dkts. 6 (Amended Complaint), 31 (Proposed Amended Complaint).
[6] Blessett does not assert the Court has diversity jurisdiction. In fact, his Complaint states the parties are not diverse. Dkt. 6 at ¶¶ 4-5.

on the party seeking the federal forum." *Id.* In determining whether it has federal question jurisdiction, the Court looks at whether the "plaintiff's well-pleaded complaint raises issues of federal law." *Id.* (citations omitted). When a federal claim appears on the face of the complaint, "[d]ismissal for lack of subject matter jurisdiction is only proper in the case of a frivolous or insubstantial claim, i.e., a claim which has no plausible foundation or which is clearly foreclosed by a prior Supreme Court decision." *Young v. Hosemann*, 598 F.3d 184, 188 (5th Cir. 2010) (quoting *Bell v. Health-Mor*, 549 F.2d 342, 344 (5th Cir. 1977)).

Even when construed liberally, Blessett's complaints do not establish any federal claim.[7] Blessett fails to state a claim under the Fifth Amendment because S&B and Sinkin Attorneys were not federal actors. *Jones v. City of Jackson*, 203 F.3d 875, 880 (5th Cir. 2000). And as his complaints do not allege S&B and Sinkin Attorneys were state actors, Blessett fails to state a claim under the Fourteenth Amendment. *Id.* Similarly, Blessett's claims under 42 U.S.C. § 1983 fail as his complaints do not allege that the actions of S&B and Sinkin Attorneys constituted state action under color of law. *Morris v. Dillard Dep't Stores, Inc.*, 277 F.3d 743, 747 (5th Cir. 2001). The federal criminal statutes under which Blessett asserts causes of action—18 U.S.C. §§ 241, 242, and 1341—do not provide a private cause of action. *Deubert v. Gulf Fed. Sav. Bank*, 820 F.2d 754, 760 (5th Cir. 1987) (no private cause of action under 18 U.S.C § 241); *Pierre v. Guidry*, 75 Fed. Appx. 300, 300 (5th Cir. 2003) (no private cause of action under 18 U.S.C. § 242); *Napper v. Anderson, Hensley, Shields, Bradford & Pritchard*, 500 F.2d 634, 636 (5th Cir. 1974) (no private cause of action under 18 U.S.C. § 1341). 12 U.S.C. § 630 is also a criminal statute that does not provide a

---

[7] The Court analyzes both Blessett's Amended Complaint (Dkt. 6) and Proposed Amended Complaint (Dkt. 31).

private cause of action. 28 U.S.C. §§ 1341 and 1345 are statutes that govern the jurisdiction of federal district courts and do not provide Blessett any private cause of action. 28 U.S.C. § 1343 is also a statute that merely gives federal district courts original jurisdiction over various civil rights claims, including those under 42 U.S.C. § 1985. Even assuming Blessett meant to state a claim under § 1985—a statute that is not once mentioned in Blessett's complaints—Blessett fails to plead the elements of a conspiracy under § 1985.

## Conclusion

For the foregoing reasons, the Court finds that Blessett has not met his burden of identifying a basis for federal question subject-matter jurisdiction. Accordingly, Blessett's Motion for Leave to Amend Complaint (Dkt. 29) is **DENIED** as the proposed amended complaint fails to cure the defect of the first amended complaint, and allowing Blessett to amend the complaint would be futile. *Briggs v. Mississippi*, 331 F.3d 499, 508 (5th Cir. 2003). Therefore, the Court **GRANTS** S&B and Sinkin Attorneys' motions to dismiss and this case is **DISMISSED**.

SIGNED at Galveston, Texas, this 23rd day of April, 2018.

_____
George C. Hanks Jr.
United States District Judge